IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brian Nathanial Black,<br><br>　　　　　Petitioner,<br><br>v.<br><br>Charles L. Ryan,<br><br>　　　　　Respondent. | No. CV-19-05187-PHX-JJT (ESW)<br><br>**ORDER** |

At issue is the Report and Recommendation ("R&R") (Doc. 22) submitted in this matter by United States Magistrate Judge Eileen S. Willett, recommending the Court dismiss with prejudice the pending Petition under 28 U.S.C § 2254 for a Writ of Habeas Corpus("Petition") (Doc. 1). In the R&R, Judge Willett warned Petitioner he had 14 days from the date of its service to file any objections thereto, and failure to timely file any objections "may result in the acceptance of the [R&R] without further review" and "may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judges recommendation." (R&R at 9-10*.) See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); Fed. R. Civ. P. 72.

It has been four weeks since entry and service[1] of the R&R and Petitioner filed no objections; he therefore has waived the above rights, and the Court is entitled to accept the

---

[1] This matter is subject to electronic filing pursuant to General Order 14-17. (Doc. 4.) Accordingly, Petitioner received service of the R&R via email on the day it was entered—July 27, 2020—per the terms of the General Order. (Doc. 4 at 2, paragraph 5.)

R&R without further review and enter judgment accordingly. The Court nonetheless has reviewed the R&R on its merits, however, and in so doing concludes that Judge Willett's thorough but succinct recommendations and findings, and the reasoning behind them, are all legally sound and supported by the record.

The Petition is untimely. Petitioner's conviction became final on June 19, 2014, the last day he was permitted to seek review by the Supreme Court of the United States—which he elected not to do. The one-year limitations period for seeking federal habeas review in this Court under Section 2254 would have begun to run that day, but for statutory tolling that applied because Petitioner initiated post-conviction review proceedings in the state court—although-prematurely, before his conviction became final—on April 10, 2014. That tolling period ended on September 11, 2018, when the Arizona Supreme Court denied Petitioner's request for any further review. AEDPA's 1-year limitations period began to run that day, and expired on September 11, 2019, without Petitioner having filed any Petition. Petitioner's September 16, 2019 filing thus was untimely by 5 days.

As Judge Willett recommended, Petitioner does not qualify for equitable tolling of the limitations period. He asserts that while the Arizona Supreme Court denied review on September 11, he did not receive notice of that denial until September 17, 2018, and therefore should have had tolling for an additional 6 days. But as Judge Willett correctly noted, an "ordinary *de minimus* delay" of 6 days in the mailing of a court order does not constitute the extraordinary circumstances, beyond Petitioner's control, that are necessary to trigger equitable tolling, especially in light of the fact that the time Petitioner had to prepare the Petition by law was a full year.

IT IS ORDERED adopting the Report and Recommendation (Doc. 22) including its underlying reasoning.

IT IS FURTHER ORDERED dismissing with prejudice the Petition under 28 U.S.C § 2254 for a Writ of Habeas Corpus("Petition") (Doc. 1).

. . . .

. . . .

IT IS FURTHER Ordered denying a Certificate of Appealability, upon the Court's finding that dismissal is justified by a plain procedural bar and reasonable jurists would not find the procedural ruling debatable.

IT IS FURTHER ORDERED directing the Clerk of Court to terminate this matter.

Dated this 25th day of August, 2020.

Honorable John J. Tuchi
United States District Judge